UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOSIAH L. BOYD, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:18-cv-01734-WTL-TAB ) |
| SCOTT C. MELLINGER, | ) ) ) |
| Respondent. | ) |

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Josiah L. Boyd has filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody seeking review of a prison disciplinary sanction. Although the petition appears to challenge a prison disciplinary proceeding identified as No. ISR 16-06-0084, Mr. Boyd appears to also challenge his impending jury trial in Indiana state courts for the charge of attempted murder that stemmed from the same underlying incident. For the reasons explained in this Order, Mr. Boyd's habeas petition must be **dismissed as moot**.

**I. Background**

On October 30, 2008, the Lake Superior Court sentenced Mr. Boyd to 20 years' imprisonment for Class A felony attempted murder. While serving that sentence at Pendleton Correctional Facility, Mr. Boyd was accused of assaulting a staff member in a prison disciplinary conviction. Charges were also filed in state court for attempted murder. On June 6, 2017, Mr. Boyd was released on parole for his 2008 conviction, but is presently confined in the Madison County Jail awaiting trial on the charge of attempted murder.

### A. The Disciplinary Hearing

On June 13, 2016, Correctional Officer Byrd wrote a Conduct Report charging Mr. Boyd with a violation of Code A-117, assault on staff. The Conduct Report states:

> On June 13, 2016 at approx. 9:45 am I Ofc. A. Byrd and Ofc. W. Lyles went to assist Counselor J. Hooley in getting Offender Boyd, Josiah #193619 out of his office. As we came to the door Offender Boyd, Josiah #193619 24B-1B was standing behind Counselor Hooley with his arm wrapped around Counselor Hooley's neck. Counselor Hooley was bleeding from the head area. I Ofc. Byrd then ordered Offender Boyd, Josiah #193619 to release Counselor Hooley. Offender Boyd, Josiah #193619 refused the order[.] I then pulled my OC [pepper spray] and applied a one second burst of OC on target. Offender Boyd still would not release Mr. Hooley and Ofc. Lyles then deployed a second burst of OC on target to gain compliance. Offender Boyd was then placed on [the] floor and placed in restraints, till [sic] First Responders arrived and escorted Offender Boyd to ARH.

Dkt. No. 1-1 at 1; Dkt. No. 7-1 at 1. Officer Whitney Lyle provided a witness statement that supported Officer Byrd's statement in the Conduct Report. Dkt. No. 7-1 at 2.

Mr. Boyd was notified of the charge on June 24, 2016, when he received the Screening Report. He pleaded guilty to the charge, did not request a lay advocate, and did not request any witnesses or physical evidence. Dkt. No. 7-3.

The prison disciplinary hearing was held on June 29, 2016. According to the notes from the hearing, Mr. Boyd stated: "I am guilty." Dkt. No. 1-1 at 2; Dkt. No. 7-5. Based on the staff reports and Mr. Boyd's statement, the hearing officer found Mr. Boyd guilty of A-117, assault on staff. The sanctions imposed included two credit class demotions.

Mr. Boyd concedes that he did not pursue any administrative appeals with respect to the disciplinary proceeding. *See* Dkt. No. 7-6; *see also* Dkt. No. 1 at 6 ("I'm not challenging the conviction.").

### B. Criminal Charges and Release from IDOC

Contemporaneous with the disciplinary proceedings, Pendleton Correctional Facility referred the matter to the Madison County Prosecutor. On December 16, 2016, the State charged Mr. Boyd with Level 5 felony battery against a public safety official under cause number 48C03-1612-F5-2552. The state court held an initial hearing on January 25, 2017.

On June 6, 2017, the Department released Mr. Boyd onto lifetime parole[1] for his 2008 attempted-murder sentence. Because of the outstanding charge in Madison County, Mr. Boyd was released into the custody of the Madison County Sheriff's Department.

On September 12, 2017, the State successfully moved to amend the charging information to include Level 1 felony attempted murder. The clerk assigned the case an updated cause number of 48C03-1709-F1-2356 to reflect the amended charge.

On September 25, 2017, Mr. Boyd filed a motion to dismiss the charges on the ground of double jeopardy, arguing that his prison disciplinary conviction precluded the State from trying him for a criminal offense related to the same incident. The State objected to the motion, explaining that prison disciplinary proceedings do not implicate double jeopardy concerns. The state court denied Mr. Boyd's motion on October 3, 2017. Mr. Boyd tried to appeal that denial to the Indiana Court of Appeals, but he did not ask the trial court to certify the order for interlocutory appeal. Thus, the Indiana Court of Appeals dismissed without prejudice his appeal on January 29, 2018. Dkt. No. 7-18. He did not file a petition for transfer to the Indiana Supreme Court.

Mr. Boyd's jury trial on the Level 1 felony attempted murder charge is currently scheduled for August 20, 2018.

---

[1] Mr. Boyd disputes that he is on lifetime parole. Dkt. No. 8 at 4. However, it is undisputed that Mr. Boyd is on parole for the remainder of his life because he is classified as a Sexually Violent Predator (SVP) in the State of Indiana. Dkt. 7-8 at 7.

### C. Petition

Mr. Boyd filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 7, 2018.

## II. Challenge to Disciplinary Conviction

### A. Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss*, 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. Analysis

To the extent Mr. Boyd is challenging his prison disciplinary conviction, he raises three grounds: (1) violation of IDOC policy; (2) double jeopardy; and (3) false statement. Dkt. No. 1. The respondent argues that Mr. Boyd lacks standing because any alleged injury from the disciplinary proceeding is not redressable, Mr. Boyd failed to exhaust his administrative appeals, and his challenges are meritless. Dkt. No. 7. Mr. Boyd's reply focuses on the violations to IDOC policy and his belief he has been subject to double jeopardy. *See* Dkt. No. 8.

"A case becomes moot when it no longer presents a case or controversy under Article III, Section 2 of the Constitution." *Eichwedel v. Curry*, 700 F.3d 275, 278 (7th Cir. 2012). "In general

a case becomes moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* (citation and quotation marks omitted). A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." Therefore, a habeas action becomes moot if the Court can no longer "affect the duration of [the petitioner's] custody." *White v. Ind. Parole Bd.*, 266 F.3d 759, 763 (7th Cir. 2001).

Parole is a form of custody, and under Indiana law, "parole never lasts more than two years, or the end of the sentence, whichever comes first." *Id.* (citing Ind. Code § 35-50-6-1). There is thus a "link between good-time credits and release on parole." *Id.* If the loss of good-time credits extends the petitioner's release date such that it extends the date on which the petitioner's parole ends, then the habeas petition could affect the duration of the petitioner's custody and release to parole does not render a petition moot. *Id.* But if the loss of good-time credits does not extend the date on which parole ends, the petitioner's release from prison to parole renders the habeas petition moot. *Id.*

Here, Mr. Boyd was released on parole over a year before he filed this petition, and because he is on lifetime parole, *see* Dkt. No. 7-8 at 7, the demotion of credit earning class does not affect or extend the date on which his parole ends. Thus, his release from prison to parole renders the habeas petition moot to the extent he challenges disciplinary conviction No. ISR 16-06-0084.

### III. Challenge to State Proceedings[2]

To the extent Mr. Boyd is challenging his attempted murder charge in Indiana state courts, this petition is inappropriate. Section 2254 is available only for "a person in custody pursuant to

---

[2] The respondent has addressed Mr. Boyd's claim as if it was filed as a § 2241 petition. However, Mr. Boyd elected to file a petition under 28 U.S.C. § 2254 and the Court will respect Mr. Boyd's decision to proceed under 28 U.S.C. § 2254.

the judgment of a State court." 28 U.S.C. § 2254(a). Although Mr. Boyd remains in the "custody" of the Indiana Parole Board pursuant to his 2008 state court judgment for attempted murder, to meet the "in custody" requirement, the petitioner must be "'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989). Mr. Boyd has not yet been convicted in his impending proceeding, and therefore he is not "in custody" and cannot challenge his custody under § 2254. His petition is therefore moot to the extent he challenges his still-pending state court proceedings.

Mr. Boyd's petition for a writ of habeas corpus is **dismissed as moot**. An action which is moot must be dismissed for lack of jurisdiction. *See Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 8/14/18

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

JOSIAH L. BOYD
193619
Madison County Detention
720 Central Ave
Anderson, IN 46016

Aaron T. Craft
INDIANA ATTORNEY GENERAL
aaron.craft@atg.in.gov